Paul **BROWN**, Petitioner,

v.

Eric H. **HOLDER**, Jr., Attorney General, Respondent.

No. 07–74779.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 2, 2010.

Paul Brown, Buckeye, AZ, pro se.

OIL, Janice Kay Redfern, Esquire, U.S. Department of Justice, Washington, DC, District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Paul Brown, a native and citizen of Jamaica, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Rendon v. Mukasey,* 520 F.3d 967, 971 (9th Cir.2008), and we deny the petitions for review.

The record of conviction establishes that Brown was convicted of "Attempted Possession of Marijuana for Sale," a felony, in violation of Arizona Revised Statutes §§ 13–3401, 3405, 3418, 1001, 301, 302, 303, 304, 701, 702, 702.01, and 801. *See United States v. Snellenberger,* 548 F.3d 699, 702 (9th Cir.2008) (en banc) (per curiam). The agency properly concluded that "Attempted Possession of Marijuana for Sale" contains a trafficking element and is therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See Rendon,* 520 F.3d at

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

975–76. Accordingly, the agency did not err in finding Brown removable.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.